**Slip Op. 05-93**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
LARRY CABANA,                           :
                                        :
        Plaintiff,                      :
                                        :           Court No.
        v.                              :           04-00634
                                        :
UNITED STATES SECRETARY                 :
OF AGRICULTURE,                         :
                                        :
        Defendant.                      :
                                        :
_____:

Defendant, United States Secretary of Agriculture ("USDA"), moves pursuant to USCIT R. 12(b)(5) to dismiss for failure to state a claim upon which relief may be granted. The USDA contends that plaintiff, Larry Cabana, has failed to allege sufficient facts in the complaint to find eligibility for trade adjustment assistance ("TAA"). Specifically, the USDA asserts that Cabana is not eligible for TAA benefits because his net fishing income in 2002 was not less than his 2001 net fishing income. Cabana responds that the statute references "net farm income" and that he properly alleges in the complaint that his net fishing income in 2002 was less than his 2001 net fishing income although his business income increased marginally during the relevant time period.

**Held:** Defendant's USCIT R. 12(b)(5) motion is denied.

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, (William F. Marshall) for plaintiff.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (David S. Silverbrand); of counsel: Jeffrey Kahn, Office of the General Counsel, United States Department of Agriculture, for defendant.

August 1, 2005

## OPINION & ORDER

**TSOUCALAS, Senior Judge:** Defendant, United States Secretary of Agriculture ("USDA"), moves pursuant to USCIT R. 12(b)(5) to dismiss for failure to state a claim upon which relief may be granted. The USDA contends that plaintiff, Larry Cabana, has failed to allege sufficient facts in the complaint to find eligibility for trade adjustment assistance ("TAA"). Specifically, the USDA asserts that Cabana is not eligible for TAA benefits because his net fishing income in 2002 was not less than his 2001 net fishing income. Cabana responds that the statute references "net farm income" and that he properly alleges in the complaint that his net fishing income in 2002 was less than his 2001 net fishing income although his business income increased marginally during the relevant time period.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395 (2000) amended by 19 U.S.C. § 2395 (Supp. II 2002).[1]

_____

[1] Section 284(a) of the Trade Act of 1974 was amended, effective August 6, 2002, and provided this Court with jurisdiction over trade adjustment assistance matters brought by agricultural commodity producers. See Trade Act of 2002, Pub. L. No. 107-210, § 142, 116 Stat. 953 (2002). In relevant part the statute states that "an agricultural commodity producer (as defined in section 2401(2) of this title) aggrieved by a determination of the Secretary of Agriculture under section 2401b . . . may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review

**STANDARD OF REVIEW**

A court should not dismiss a complaint for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Halperin Shipping Co., Inc. v. United States, 13 CIT 465, 466 (1989). Moreover, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. See United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). A pleading that sets forth a claim for relief must contain "a short and plain statement" of the grounds upon which jurisdiction depends and "of the claim showing that the pleader is entitled to relief . . . ." USCIT R. 8(a). "To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference." Fabrene, Inc. v. United States, 17 CIT 911, 913 (1993). Accordingly, the Court must decide whether plaintiff is

---

of such determination." 19 U.S.C. § 2395(a) . Accordingly, the Court "shall have jurisdiction to affirm the action of the Secretary of Labor, the Secretary of Commerce, or the Secretary of Agriculture, as the case may be, or to set such action aside, in whole or in part." 19 U.S.C. § 2395(c).

entitled to offer evidence in support of its claim, and not whether plaintiff will prevail in its claim.  See Halperin, 13 CIT at 466.

## DISCUSSION

The USDA contends that Cabana's complaint fails to allege facts sufficient to find eligibility for TAA benefits.  See Def.'s Mem. Supp. Mot. Dismiss Failure State Claim Upon Which Relief May Be Granted ("USDA's Mem.") at 6-8.  The USDA notes that to be certified by the USDA, the statute requires, inter alia, that the producer's "net farm income (as determined by [the USDA]) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under [the statute]."  Id. at 6 (emphasis omitted) (quoting 19 U.S.C. § 2401e(a)(1)(C) (Supp. II 2002)).  The USDA's regulations require the producer to establish "that net farm or fishing income was less than that during the producer's pre-adjustment year."  Id. (quoting 7 C.F.R. § 1580.301(e)(4) (2004)).  The USDA argues that Cabana has failed to certify that his net fishing income for 2002 was less than his net fishing income for 2001.  See id. at 7.  Cabana concedes in his complaint that his original case was disqualified because his application for certification showed that his income in 2002 was more than that of 2001.  See id. at 8.  The USDA argues that Cabana's assertion, that his income from salmon was higher in 2001 than in 2002, is not

relevant because "[n]othing in the relevant statutes or regulations provides for a determination of an applicant's 'farm or fishing income' based upon earnings according to <u>individual fish species</u>." <u>Id.</u> (emphasis retained). The USDA further asserts that Cabana's "2002 net fishing income was $37,331, which is higher than his 2001 net fishing income of $35,759." <u>Id.</u> The USDA maintains that Cabana does not qualify for TAA benefits and, therefore, fails to state a claim upon which relief may be granted. <u>See</u> <u>id.</u>

Cabana responds that the administrative record established his eligibility for TAA benefits. <u>See</u> Pl.'s Resp. Def.'s Mot. Dismiss Failure State Claim Upon Which Relief May Be Granted ("Cabana's Resp.") at 3-5. Cabana asserts that he submitted his application for benefits "along with business records clearly identifying the total salmon catch for both 2001 and 2002 as well as tax returns submitted to the Internal Revenue Service." <u>Id.</u> at 4. Cabana argues that the statute does not define the term "net farm income." <u>See</u> <u>id.</u> Cabana contends, however, that the USDA's definition of "net farm income" is contrary to the statutory language. <u>See</u> <u>id.</u> at 4-5. Cabana asserts that "if Congress intended to base eligibility for trade adjustment allowances on income, [then] it would not have qualified [net income] with the term farm . . . ." <u>Id.</u> at 5. Cabana maintains that the statutory language indicates Congress' intent to grant TAA benefits to agricultural producers

whose income from farming decreased because of competing imported agricultural commodities. See id. Cabana asserts that his income from fishing in 2001 and 2002 was $31,663 and $31,195, respectively. See id. Cabana argues that while his net business income increased marginally, his net income from fishing decreased. See id. Accordingly, Cabana maintains that the USDA's motion to dismiss should be denied. See id.

After considering the motion before the Court and all relevant papers filed thereto, the Court finds that Cabana has alleged a claim upon which relief may be granted. Under the Administrative Procedures Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (2000). Having accepted all well-pleaded facts as true and viewed in the light most favorable to Cabana, the Court finds that Cabana has sufficiently alleged a cause of action entitling him to present evidence to support his claim that the definition of "net farm income" in the USDA's regulations is contrary to the statutory language of 19 U.S.C. § 2401e. See Halperin, 13 CIT at 466. It does not appear "beyond a doubt" that Cabana is unable to present facts in support of his claim. For the foregoing reasons, it is hereby

   **ORDERED** that defendant's motion to dismiss for failure to state a claim upon which relief may be granted is **Denied;** and its is further

   **ORDERED** that the parties proceed on the merits of the case.


                                      /s/ Nicholas Tsoucalas
                                       NICHOLAS TSOUCALAS
                                         SENIOR JUDGE

Dated:     August 1, 2005
           New York, New York